UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-62238-CIV-ROSENBAUM/SELTZER

JOHN AMES HARRINGTON,

    Plaintiff,

v.

VETERANS ADMINISTRATION,

    Defendant.

_____/

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COMPLAINT FOR LACK OF SUBJECT-MATTER JURISDICTION**

This matter is before the Court on Defendant's Motion to Dismiss Complaint [D.E. 28]. The Court has reviewed Defendant's Motion and all other relevant materials in the case file. For the reasons that follow, the Court **GRANTS** Defendant's Motion to Dismiss.

**I. Background**

On October 17, 2011, Plaintiff filed his claim [D.E. 1] seeking to overturn a decision of the Board of Veterans' Appeals ("BVA") issued on September 28, 2011, denying him benefits. *See* D.E. 28-7, D.E. 5 at 12-24. Based on the fact that the Social Security Administration ("SSA") had already deemed Plaintiff disabled, Plaintiff argues that the Department of Veterans Affairs was bound by the SSA's determination. D.E. 1 at 2; *see* D.E. 5 at 5-11. In support of his Complaint, Plaintiff lists seven provisions of the Code of Federal Regulations governing the process by which the SSA determines whether a disability exists. D.E. 1 at 1. Plaintiff cites no other laws or regulations in support of his claims or as a basis for this Court's jurisdiction.

On May 18, 2012, Defendant filed its Motion to Dismiss Complaint, asserting that this Court

did not have subject-matter jurisdiction over Plaintiff's claims. *See* D.E. 28. After initially failing to respond to Defendant's Motion and being ordered by the Court to show cause why Defendant's Motion should not be granted, Plaintiff filed a Response to the dismissal motion on July 13, 2012 [D.E. 32]. Plaintiff's Response, however, failed to counter any of Defendant's jurisdictional arguments and merely reasserted his claim for relief.

## II. Discussion

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (citations omitted). "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case . . . ." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001). If a court determines that it has not been granted subject-matter jurisdiction in a given case, "the court's sole remaining act is to dismiss the case for lack of jurisdiction." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000).

The issue of veterans' benefits is one area where Congress has chosen to restrict the jurisdiction of the district courts. Decisions of the Secretary for Veterans' Affairs regarding benefits to veterans and their dependants or survivors, as Plaintiff is in this case, are treated as "final and conclusive and may not be reviewed by any other official or by any court . . . ." *See* 38 U.S.C. § 511. The statutory scheme allows for individuals to appeal veterans' benefits decisions first to the BVA, *see* 38 U.S.C. § 7104, and then to the Court of Appeals for Veterans Claims ("CAVC"), 38 U.S.C. § 7252. Decisions of the CAVC may be reviewed by the Court of Appeals for the Federal Circuit, 38 U.S.C. § 7292, and thereafter, by the United States Supreme Court, *see* 28 U.S.C. § 1254.

Significantly, the CAVC has been granted the "*exclusive jurisdiction* to review decisions of

the Board of Veterans' Appeals." 38 U.S.C. § 7252(a) (emphasis added). Courts have repeatedly confirmed this exclusive jurisdiction and ordered dismissal of veterans' benefits-related cases that have been improperly brought in district court. *See, e.g., Hall v. U.S. Dep't of Veterans' Affairs*, 85 F.3d 532, 534 (11th Cir. 1996); *Vickson v. U.S. Dep't of Veterans Affairs*, No: 8:11-cv-2499-T-33TGW, 2012 WL 1606012, at *2 (M.D. Fla. May 8, 2012); *Cheves v. Dep't of Veterans Affairs*, 227 F. Supp. 2d 1237, 1246. At no point have courts recognized a grant of jurisdiction to district courts to hear appeals of purely benefits-related determinations.

In this case, Plaintiff Harrington followed the established statutory procedure by appealing to the BVA. See D.E. 28-5. When Plaintiff was unsatisfied with the BVA's decision, however, his only recourse was to file an appeal with the CAVC under 38 U.S.C. § 7252(a). Filing a claim with this Court was not an option. This Court lacks subject-matter jurisdiction to review Plaintiff's claims, and therefore is powerless to grant Plaintiff the relief he requests. Accordingly, Plaintiff's Complaint must be dismissed.

### III. Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss Complaint [D.E. 28] is **GRANTED.** It is hereby **ORDERED and ADJUDGED** that the above-styled case is hereby **DISMISSED WITH PREJUDICE**. The Clerk is directed to **CLOSE** this case.

**DONE** and **ORDERED** at Fort Lauderdale, Florida, this 14th day of August 2012.

ROBIN S. ROSENBAUM
United States District Judge

cc: Honorable Barry S. Seltzer
Chief United States Magistrate Judge

Counsel of record

3

John Ames Harrington, *pro se*
1839 Washington Street
Hollywood, FL 33020
*Via U.S. Mail*